**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX 304-347-5104

FILED
AUG - 7 2014
TERESA L. DEPPNER, CLERK
U S. District Court
Southern District of West Virginia

July 9, 2014

David R. Bungard
Assistant Federal Public Defender
300 Virginia Street, East
Room 3400
Charleston, WV  25301

      Re:  United States v. Thomas Pepin

Dear Mr. Bungard:

    This will confirm our conversations with regard to your client, Thomas Pepin (hereinafter "Mr. Pepin"). As a result of these conversations, it is agreed by and between the United States and Mr. Pepin as follows:

    1.   **PENDING CHARGES**. Mr. Pepin is charged in a two-count indictment in Criminal No. 2:14-00089 (USDC SDWV), as follows:

        (a)   Count One charges Mr. Pepin with a violation of 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(B) (unlawful transport and sale of wildlife); and

        (b)   Count Two charges Mr. Pepin with a violation of 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(B) (unlawful transport and sale of wildlife).

    2.   **CHARGING AGREEMENT**. Mr. Pepin agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

    3.   **RESOLUTION OF CHARGES**. Mr. Pepin will plead guilty to a violation of 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(2) (misdemeanor,

                                                                           TP
                                                                   Defendant's
                                                                    Initials

David R. Bungard
July 9, 2014                        Re: Thomas Pepin
Page 2

unlawful transport and sale of wildlife) as charged in said information. Following final disposition, the United States will move the Court to dismiss Counts One and Two in Criminal No. 2:14-00089 as to Thomas Pepin.

    4. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Pepin will be exposed by virtue of this guilty plea is as follows:

    (a) Imprisonment for a period of one year;

    (b) A fine of $100,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c) A term of supervised release of one year;

    (d) A mandatory special assessment of $25 pursuant to 18 U.S.C. § 3013; and

    (e) ~~An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.~~ [initialed PMW, TP, DRB]

    5. **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Pepin will tender a check or money order to the Clerk of the United States District Court for $25, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Pepin will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Pepin fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Pepin.

    6. **PAYMENT OF MONETARY PENALTIES.** Mr. Pepin agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to

                                         _TP_
                                         Defendant's
                                         Initials

David R. Bungard  
July 9, 2014                              Re: Thomas Pepin  
Page 3

immediate enforcement by the United States.  So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Pepin further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    7.    **COOPERATION.**  Mr. Pepin will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States.  In complying with this provision, Mr. Pepin may have counsel present except when appearing before a grand jury.

    8.    **USE IMMUNITY.**  Unless this agreement becomes void due to a violation of any of its terms by Thomas Pepin, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by Thomas Pepin pursuant to this agreement, or any evidence developed therefrom, will be used again Thomas Pepin, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    9.    **LIMITATIONS ON IMMUNITY.**  Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Pepin for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Pepin for perjury or false statement if such a situation should occur pursuant to this agreement.

    10.    **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.**  The United States and Mr. Pepin stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Mr. Pepin agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Pepin, and Mr. Pepin is subsequently tried on any of the charges in

*TP*  
_____  
Defendant's  
Initials

David R. Bungard  
July 9, 2014                                          Re: Thomas Pepin  
Page 4

the information, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Pepin or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Pepin or on his behalf. Mr. Pepin knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Pepin understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Pepin agree that the following provisions of the United States Sentencing Guidelines apply to this case.

Information:

  USSG §2Q2.1

  Base offense level                                    6

  Commercial Purpose                                  + 2

  Significant risk of infestation                     + 2

  Loss (at least $5000 but not greater  
     Than $30,000)                                  (+2 or +4)

The United States and Mr. Pepin acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

                                                    *TP*  
                                              _____  
                                                    Defendant's  
                                                    Initials

David R. Bungard  
July 9, 2014                              Re: Thomas Pepin  
Page 5

  12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Pepin knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

  Mr. Pepin also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

  The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

  13. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Pepin knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

  14. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

  (a) Inform the Probation Office and the Court of all relevant facts and conduct;

_TP_  
Defendant's Initials

David R. Bungard
July 9, 2014                                    Re: Thomas Pepin
Page 6

    (b)   Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)   Respond to questions raised by the Court;

    (d)   Correct inaccuracies or inadequacies in the presentence report;

    (e)   Respond to statements made to the Court by or on behalf of Mr. Pepin;

    (f)   Advise the Court concerning the nature and extent of Mr. Pepin's cooperation; and

    (g)   Address the Court regarding the issue of Mr. Pepin's acceptance of responsibility.

    15.  **VOIDING OF AGREEMENT**.  If either the United States or Mr. Pepin violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    16.  **ENTIRETY OF AGREEMENT**.  This written agreement constitutes the entire agreement between the United States and Mr. Pepin in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Pepin in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                        R. BOOTH GOODWIN II
                        United States Attorney

            By: *[signature]*
                  Philip H. Wright
                  Assistant United States Attorney

PHW/vld

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this

                                        *TP*
                                      _____
                                       Defendant's
                                       Initials

David R. Bungard
July 9, 2014                                              Re: Thomas Pepin
Page 7

*TP DRB*

seven-page agreement that ~~I have read~~ *the plea agreement has been read to me* and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.


_____           _____
Thomas Pepin                              7/11/14
Defendant                                 Date Signed


_____           _____
David R. Bungard                          7/11/14
Counsel for Defendant                     Date Signed

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO._____
     16 U.S.C. § 3372(a)(2)(A)
     16 U.S.C. § 3373(d)(2)

THOMAS PEPIN
 also known as "Timmy Stark"

# I N F O R M A T I O N

The United States Attorney charges:

(Unlawful Transport and Sale of Wildlife)

## Background

At all relevant times:

1. Defendant THOMAS PEPIN was a resident of Ravenswood, Jackson County, West Virginia.

2. Eastern Box Turtles were a species of reptile native to West Virginia.

3. It was unlawful under the laws of the State of West Virginia to possess any wildlife, including reptiles, that had been illegally taken, killed, or obtained. W. Va. Code § 20-2-4. Furthermore, it was unlawful under the laws of the State of West Virginia for any person to transport, or to possess with the intent of transporting, beyond the limits of the State, any species of wildlife taken, captured, or caught within the State,

**PLEA AGREEMENT EXHIBIT A**

except under certain licensed or lawful conditions. W. Va. Code § 20-2-12.

4. It was also unlawful under the laws of the State of West Virginia to take or attempt to take from the wild, or to possess for commercial purposes, or to sell, offer to sell, or to transport out of West Virginia for commercial purposes, any species of wildlife native to West Virginia. W. Va. Code R. §§ 58-63-7.1 and 58-63-8.1.

5. The Lacey Act, 16 U.S.C. §§ 3371-3378, made it unlawful under federal law for a person to import, export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce any wildlife that was taken, possessed, transported, or sold in violation of any law or regulation of any State.

### Pepin Unlawfully Took, Possessed and Sold Eastern Box Turtles

6. From in or about July 2012 through in or about September 2013, and in violation of West Virginia law, defendant THOMAS PEPIN sold, offered to sell, transported, and possessed with the intent of transporting, beyond the limits of West Virginia and for commercial purposes, Eastern Box Turtles. During this period, defendant THOMAS PEPIN engaged in this unlawful conduct as follows:

2

a. He captured Eastern Box Turtles in and around his residence in Ravenswood, Jackson County, West Virginia, with the intent and for the purpose of selling the Turtles;

b. He offered for sale and did in fact sell, over the internet and communicating by e-mail using the alias "Timmy Stark," the Eastern Box Turtles that he had captured.

c. He sold the Eastern Box Turtles to numerous customers outside of West Virginia;

d. He sold approximately 300 Eastern Box Turtles to out-of-state customers;

e. He did not have a permit or license to engage in commercial transactions of Eastern Box Turtles;

The Lacey Act Violation

7. From on or about June 17, 2013, through on or about June 19, 2013, in and around Ravenswood, Jackson County, West Virginia, in the Southern District of West Virginia and elsewhere, defendant THOMAS PEPIN knowingly engaged in conduct to transport and sell in interstate commerce wildlife, that is, Eastern Box Turtles, which had been taken and possessed in violation of a law and regulation of the State of West Virginia.

8. At the time, defendant THOMAS PEPIN, in the exercise of due care, should have known that the Eastern Box Turtles had

3

been taken and possessed in violation of and in a manner unlawful under any underlying law.

In violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3372(d)(2).

                              UNITED STATES OF AMERICA

                              R. BOOTH GOODWIN II
                              United States Attorney

                     By: _____
                              PHILIP H. WRIGHT
                              Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                           CRIMINAL NO. _____

THOMAS PEPIN
    also known as "Timmy Stark"

## STIPULATION OF FACTS

The United States and defendant Thomas Pepin, also known as "Timmy Stark," stipulate and agree that the facts comprising the offense of conviction contained in the Information and the relevant conduct for that offense include the following:

From approximately July 2012 through approximately October 2013, Mr. Pepin illegally obtained Eastern Box Turtles from the wild for the purpose of selling them to prospective out-of-state buyers. These turtles were captured or otherwise obtained by Mr. Pepin in the woods near his home in Ravenswood, located in rural Jackson County, West Virginia. Mr. Pepin, using the alias "Timmy Stark," was responsible for having notices posted on various internet bulletin boards which catered to the interests of reptile pet owners. The notices indicated that Mr. Pepin could sell and ship Eastern Box Turtles to anyone in the United States.

On two occasions, in May and June 2013, Mr. Pepin sold and arranged for the transportation of Eastern Box Turtles to Randy Cottrell, who was and is a Special Agent (SA) with the United States Fish & Wildlife Service and who was acting in an undercover capacity in Pennsylvania. Mr. Pepin did not know that SA Cottrell was a law enforcement officer.

*TP*
_____
Defendant's
Initials

**PLEA AGREEMENT EXHIBIT B**

The second sale by Mr. Pepin to SA Cottrell, which is the basis for the offense of conviction, was precipitated after SA Cottrell called Mr. Pepin on the phone, expressing an interest in two dozen turtles. On June 8, 2013, Mr. Pepin arranged for an e-mail to be sent to SA Cottrell, confirming a transaction for 24 Eastern Box Turtles and requesting that payment of $400 be sent to his girlfriend in Ravenswood. SA Cottrell sent a postal money order for that amount on June 11, 2013.

On June 17, 2013, Mr. Pepin shipped 28 (four more than the agreed-upon 24) Eastern Box Turtles via UPS ground shipment from Ravenswood to SA Cottrell in Pennsylvania. In preparation for the shipment, Mr. Pepin stuffed all of the turtles into tube socks and placed them in a plastic bin with straw, cold packs, and limited air holes. The plastic bin was placed inside a cardboard shipping box that had no direction labels (e.g., "This Side Up") and no markings to indicate what the shipment contained.

Mr. Pepin did not have any permits or licenses issued by the State of West Virginia that would have allowed him to commercially sell Eastern Box Turtles to out-of-state buyers. Mr. Pepin was aware that it was illegal in another state to commercially sell such turtles. Had Mr. Pepin exercised due care, he would have and should have known that it was illegal in West Virginia to engage in commercial transactions in which Eastern Box Turtles were sold and shipped to buyers outside of West Virginia.

During the time period of July 2012 - October 2013, when Mr. Pepin was engaged in selling turtles for profit, he sold and shipped approximately 300 Eastern Box Turtles to out-of-state customers. The 300 figure includes the Eastern Box Turtles sold and shipped to SA Cottrell in May and June 2013. Generally Mr. Pepin charged $25 or $18 per Eastern Box Turtle, depending on the volume of the sale. Mr. Pepin was aware that other internet dealers of Eastern Box Turtles charged significantly higher prices for such turtles.

Mr. Pepin acknowledges that Eastern Box Turtles are a species of reptile native to West Virginia, and that Jackson County lies within the Southern District of West Virginia.

_TP_
Defendant's
Initials

**PLEA AGREEMENT EXHIBIT B**

2

This Stipulation of Facts does not contain each and every fact known to Mr. Pepin and to the United States concerning his involvement and the involvement of others in the charge set forth in the Information, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

Stipulated and agreed to:

_____           7/11/14
Thomas Pepin                         Date
Defendant

_____           7/11/14
David Bungard                        Date
Assistant Federal Public Defender
Counsel for Defendant

_____           7·11·14
Philip H. Wright                     Date
Assistant United States Attorney


                                              TP
                                         _____
                                         Defendant's
                                           Initials

**PLEA AGREEMENT EXHIBIT B**

3